UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TACEY GOSS P.S., <br><br> Plaintiff, <br><br> v. <br><br> DONNA BARNHART, et al., <br><br> Defendants. | CASE NO. C13-800MJP <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND AND DENYING DEFENDANTS' MOTION TO STAY |

This matter comes before the Court on Plaintiff's motion for remand (Dkt. No. 10) and Defendant Donna Barnhart's ("Barnharts") cross motion for stay pending appeal. (Dkt. No. 24.) Having reviewed Plaintiff's motion for remand, Defendants Patula and Squire Sanders' opposition (Dkt. No. 21), Plaintiff's reply (Dkt. No. 53), and the Barnharts' cross motion for a stay, Plaintiff's opposition (Dkt. No. 28), the Barnharts' reply (Dkt. No. 31), and all filings related to both motions, the Court GRANTS Plaintiff's motion for remand and DENIES the Barnharts' motion for stay. The Clerk is directed to REMAND this case to King County Superior Court.

ORDER GRANTING PLAINTIFF'S MOTION FOR
REMAND AND DENYING DEFENDANTS'
MOTION TO STAY- 1

**Background**

Plaintiff Tacey Goss P.S. is a law firm located in Bellevue, Washington, engaged by the Barnharts to represent them in arbitration proceedings in California. (Dkt. No. 11 at 1-3.) The Barnharts also retained Defendant Squire Sanders and Defendant Patula to serve as trustee to distribute funds acquired by the Barnharts through a settlement reached in the arbitration proceedings. (Id.) Plaintiff represented the Barnharts pursuant to several written agreements, one of which contains a forum selection clause providing for the exclusive jurisdiction of King County Superior Court. (Id.)

A dispute arose concerning the payment of attorney's fees and the parties sued each other. (Dkt. No. 11 at 2.) Plaintiff filed in King County Superior Court and the Barnharts filed in California state court. (Dkt. No. 10 at 2-4.) Both cases were removed to their respective federal courts. (Id.) The Honorable Jeffrey S. White of the Northern District of California enforced the forum selection clause and dismissed the Barnharts' case against Plaintiff. (Dkt. No. 29, Ex. K.) The Barnharts appealed Judge White's decision and asked both Judge White and the Ninth Circuit to stay the order of dismissal while the Barnharts' appeal is pending. (Dkt. No. 24 at 1-6.) Judge White and the Ninth Circuit denied the Barnharts' request. (Id.) On January 22, 2013, following Judge White's decision, the Honorable Ricardo S. Martinez of the Western District of Washington applied the doctrine of issue preclusion to the enforceability of the forum selection clause and remanded Plaintiff's case against the Barnharts to King County Superior Court. (W.D. Wash. Case No. C12-401RSM, Dkt. No. 44.)

Following remand, the Barnharts appeared in King County Superior Court and Patula appeared as counsel for the Barnharts pro hac vice. (Dkt. No. 19, Ex. 16-17.) On February 8, 2013, Plaintiff filed its first amended complaint naming Patula and Squire Sanders as defendants

1 | and asserting claims against them relating to their service as trustee. (Dkt. No. 19 at 20.) Unlike
2 | the Barnharts, Patula and Squires Sanders are not subject to any forum selection clause, and they
3 | filed a notice of removal with this court, asserting diversity jurisdiction. (Dkt. No. 1 at 2.)

4 |     Plaintiff argues the Court should again remand this case to King County Superior Court
5 | because Patula and Squire Sanders' removal is procedurally defective for failure to obtain the
6 | consent to removal of all properly joined and served defendants as required by the "rule of
7 | unanimity" under 25 U.S.C. § 1446. (Dkt. No. 10 at 4-9.) Plaintiff claims it served the Barnharts
8 | through Patula, the Barnharts' counsel of record in this case and in King County Superior Court
9 | proceedings, with the first amended complaint prior to removal. (Dkt. No. 26 at 6-7.) Thus,
10 | because the Barnharts are properly served defendants, Plaintiff asserts Patula and Squire Sanders
11 | failed to obtain the consent of all properly served defendants as required by the rule of
12 | unanimity. (Id.)

13 |     Patula and Squire Sanders, joined by the Barnharts, argue removal was not procedurally
14 | defective because only properly served defendants are required to consent. (Dkt. No. 21 at 2-4.)
15 | Patula and Squire Sanders argue Plaintiff never served the Barnharts with the first amended
16 | complaint. (Id.) They argue Patula never agreed to accept service on behalf of the Barnharts and
17 | that Plaintiff's service on Patula only effectuated service on Patula in his personal capacity as a
18 | defendant, not as counsel for the Barnharts. (Id.) Therefore, only the consent of Patula and
19 | Squire Sanders–the only properly served defendants at the time of removal–was required to
20 | satisfy the unanimity requirement for removal under 15 U.S.C. § 1146. (Id. at 4.)

21 |     In addition to opposing remand, the Barnharts request that, if the Court finds removal was
22 | defective, it stay proceedings in this case until the Ninth Circuit decides whether the forum
23 | selection clause at issue here is enforceable. (Dkt. No. 24.) The Barnharts argue the Ninth Circuit
24 |

ORDER GRANTING PLAINTIFF'S MOTION FOR
REMAND AND DENYING DEFENDANTS'
MOTION TO STAY- 3

is likely to reverse Judge White's order of dismissal and find the forum selection clause unenforceable on public policy grounds. (Id. at 7-10.) Therefore, absent a stay, the Barnharts will suffer "a fundamental loss of rights" if the Court requires them, on the basis of an ultimately unenforceable forum selection clause, to proceed in state court.  (Id. at 10-12.) In contrast, the Barnharts argue Plaintiff will suffer only a temporary delay in pursuing its claims. (Id.)

## DISCUSSION

**A.  Plaintiff's Motion to Remand**

    **i.  Legal Standard**

A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction. 28 U.S.C. § 1441. On a motion for remand, the burden of establishing the propriety of removal rests with the removing defendant. Abrego v. Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006). The defendant also has the burden of showing that it has complied with the procedural requirements for removal. Cal. ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004). There is a strong presumption against removal jurisdiction and the Court "strictly construe[s] the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). The Court resolves all ambiguity in favor of remand to state court and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first place. Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).

The crux of the parties' dispute is whether Patula and Squire Sanders satisfied the so-called "rule of unanimity," announced by the Supreme Court in Chicago, Rock Island, & Pacific Ry. Co. v. Martin, 178 U.S. 245, 248 (1900). The rule requires all defendants properly joined and served in the state action to consent to or join in a removal to federal court. See 25 U.S.C. §1446; see also Destfino v. Reiswig, 630 F.3d 952, 956 (9th Cir. 2011). The requirement that all

codefendants join in requesting removal is met if one defendant avers that all defendants consent to removal. Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1225 (9th Cir. 2009). Failure to obtain the consent or joinder of all properly served defendants in the petition for removal renders the removal procedurally defective. See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). However, if all proper defendants have not joined in removal when notice of removal is filed, the court may allow the removing defendants to cure the defect by obtaining consent of all defendants prior to entry of judgment. Destfino, 630 F.3d at 957.

  **ii. Patula and Squire Sanders' Removal does not Satisfy the Rule of Unanimity and is Procedurally Defective**

  The Barnharts' consent to removal is required to satisfy the rule of unanimity in this case because the Barnharts were properly joined and served defendants at the time of removal. Destfino, 630 F.3d 956-57. Patula and Squire Sanders' reliance on Destfino is misplaced. 630 F.3d 952. In Destfino, the court held the rule of unanimity did not require defendants who were not served or did not make any appearance in state court to consent to removal. 630 F.3d at 957. Here, unlike the non-consenting defendants in Destfino, the Barnharts were served with the original complaint and summons in state court, appeared in state court, and engaged in motions practice in state court before and after Plaintiff filed the first amended complaint. (Dkt. 19, Exs. 19-43.)

  Further, Plaintiff timely served Patula, counsel of record for the Barnharts (both in this Court and in King County Superior Court), with the first amended complaint. (Dkt. No. 19, Ex. 43; Dkt. No. 21 at 4.) Patula and Squire Sanders point to disputed emails purporting to establish Patula did not agree to accept service on behalf of the Barnharts, but they fail to meet their burden of demonstrating Plaintiff failed to properly serve the Barnharts. (Dkt. No. 21 at 4.).

ORDER GRANTING PLAINTIFF'S MOTION FOR
REMAND AND DENYING DEFENDANTS'
MOTION TO STAY- 5

1 | Further, in light of the strong policy against removal, the Court is directed to resolve any
2 | ambiguity in favor of remand. <u>Libhart,</u> 592 F.2d at 1064.

3

4 | Second, despite their stated consent to removal, the Barnharts could not and cannot consent to removal in this case. If a party agrees to a state-court forum selection clause, that

5

6 | party waives the right to initiate removal or consent to removal. <u>See</u> <u>Russell Corp. v. Am. Home Assur. Co.</u>, 264 F.3d 1040, 1046-47 (11th Cir. 2001); <u>see also</u> <u>Insight Holding Grp., LLC v.</u>

7

8 | <u>Sitnasuak Native Corp.</u>, 685 F. Supp. 2d 582, 590 (E.D. Va. 2010) ("[W]hen a valid forum selection clause declares that any litigation between the parties 'will take place' in a particular

9

10 | state court, the agreement must be understood to include waiver of the right to remove the action, or to consent to removal of the action, from the selected court."). Though the Barnharts may now

11

12 | want to litigate in federal court, they waived their right to do so and cannot circumvent that waiver by consenting to removal by Patula and Squire Sanders.

13

### iii. The Court declines to award fees to Plaintiff

14

15 | Although Plaintiff prevails in its motion to remand, the Court declines to award attorney's fees to Plaintiff on this motion. "Absent unusual circumstances, attorney's fees should

16

17 | not be awarded under 28 U.S.C. § 1447 when the removing party has an objectively reasonable basis for removal." <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 132 (2005). Here,

18

19 | Defendants' positions regarding the adequacy of service and the requirements of the rule of unanimity are not objectively unreasonable; Defendants simply fail to meet their burden. (Dkt.

20

21 | No. 21 at 9.) Therefore, the Court DECLINES to award attorney's fees to Plaintiff on this motion pursuant to 28 U.S.C. § 1447. The Court also DECLINES to award fees to Plaintiff under

22

23 | Federal Rule 11 because Defendants fail to show specific conduct that violates Rule 11(b). Fed. R. Civ. P. 11.

24

ORDER GRANTING PLAINTIFF'S MOTION FOR
REMAND AND DENYING DEFENDANTS'
MOTION TO STAY- 6

**B. The Barnharts' Motion to Stay Pending Appeal**

    **i.    Legal Standard**

As part of its "traditional equipment" for the administration of justice, a federal court can stay the enforcement of a judgment pending the outcome of an appeal. Nken v. Holder, 556 U.S. 418, 421 (2009). A stay is not, however, a matter of right, even if the moving party might otherwise suffer irreparable injury. Virginian Ry. Co. v. United States, 272 U.S. 658, 672 (1926). It is instead an exercise of judicial discretion "dependent on the circumstances of the particular case." Id. at 672-73. The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion. Nken, 556 U.S. at 434.

In ruling on a motion to stay, the Court considers four factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. Nken, 556 U.S. at 434. In balancing the equities of the stay factors, the "first two factors are the most critical." Id. at 434-35.

Courts in the Ninth Circuit generally apply a sliding scale balancing test in deciding motions to stay where a stronger showing of one element may offset a weaker showing of another. See Leiva-Perez v. Holder, 640 F.3d 962, 965-66 (9th Cir. 2011); Golden Gate Rest. Ass'n v. City & Cnty. of San Francisco, 512 F.3d 1112, 1116 (9th Cir. 2008). The scale only slides so far, though. A showing of a probability, not just possibility, of harm is the "bedrock requirement," and "stays must be denied to all petitioners who did not meet the applicable irreparable harm threshold, regardless of their showing on the other stay factors." Leiva-Perez, 640 F.3d at 965.

ORDER GRANTING PLAINTIFF'S MOTION FOR
REMAND AND DENYING DEFENDANTS'
MOTION TO STAY- 7

**ii.     The Barnharts Have not Demonstrated a Stay is Warranted in This Case**

The Barnharts have previously requested a stay pending appeal in this case and both the Ninth Circuit and the Honorable Jeffrey S. White of the Northern District of California have denied that request. (Dkt. No. 29 Ex. L, M.) While the Ninth Circuit did not state the reasons for its denial, Judge White found, after weighing the stay factors, "the [Barnharts] have failed to demonstrate that the balance of hardships tips sharply in their favor or that serious legal questions are presented." (Dkt. No. 29 Ex. M at 2.) The Court agrees.

The Barnharts have failed to demonstrate litigating in the bargained for forum until the Ninth Circuit decides the enforceability of the forum selection clause is an irreparable harm that sharply outweighs the hardship Plaintiff would suffer if this case is delayed. Leiva-Perez, 640 F.3d at 965; Lopez v. Heckler, 713 F.2d 1432, 1435 (9th Cir. 1983.) While the Barnharts claim they will suffer a fundamental loss of rights absent a stay (Dkt. No. 24 at 10-12), they do not present any evidence that resolution of this matter by the King County Superior Court would be detrimental to the Barnharts' case. (See Dkt. No. 24; 31.) The Barnharts also fail to show that any harm from proceeding in King County Superior Court would be irreparable even if the Ninth Circuit finds the forum selection clause unenforceable. (Id.)

The Barnharts also do not demonstrate a strong likelihood of success on the merits of their appeal. First, contrary to the Barnharts' assertion, the standard of review on appeal is not de novo and does not indicate a likelihood of success. (Dkt. No. 24 at 7.) The Ninth Circuit will review Judge White's order for abuse of discretion. Doe 1 v. AOL LLC, 552 F.3d 1077, 1081 (9th Cir. 2009) ("We review a district court's order enforcing a contractual forum selection clause and dismissing a case for improper venue for abuse of discretion."); Pelleport Investors, Inc. v. Budco Quality Theatres, Inc., 741 F.2d 273, 280 n.4 (9th Cir. 1984). Under the abuse of

ORDER GRANTING PLAINTIFF'S MOTION FOR
REMAND AND DENYING DEFENDANTS'
MOTION TO STAY- 8

discretion standard, the Barnharts must show the district court made a clear error of law by failing to apply the correct legal standard or the district court's findings of fact and application of law to fact, were illogical, implausible, or without support in inferences that may be drawn from the facts in the record. United States v. Hinkson, 585 F.3d 1247, 1266-67 (9th Cir. 2009).

Second, the argument advanced by the Barnharts to demonstrate a likelihood of success was already thoroughly considered and rejected by Judge White and is unsupported by relevant law. See Bauer v. Tacey Goss, P.S., C 12-00876 JSW, 2012 WL 2838834 (N.D. Cal. July 10, 2012). Forum selection clauses are prima facie valid, and the Barnharts will bear the burden of proving "enforcement would be unreasonable or unjust, or that the clause [is] invalid." Manetti-Farrow, Inc. v. Gucci Am., Inc., 858 F.2d 509, 514 (9th Cir. 1988). To meet this burden, as Judge White noted, the express language of M/S Bremen, 407 U.S. 1, 15 (1972), requires the Barnharts to show that enforcement of the forum selection clause at issue would contravene California's public policy. See Doe 1 v. AOL LLC, 552 F.3d 1077, 1083-84 (9th Cir. 1996).

While the Barnharts cite one favorable case on point, Janson v. LegalZoom.Com, Inc., 727 F.Supp.2d 782 (W.D. Mo. 2010), it is not authoritative and is insufficient to demonstrate a likelihood of success on the merits. While the Barnharts argue their case implicates California's public policy of regulating attorney conduct, they fail to show adjudication of their claims by the King County Superior Court, instead of a California court, would violate that public policy. Cf. Doe1, 552 F.3d at 1083-84 (forum selection clause held unenforceable where enforcement would violate public policy by waiving rights and remedies specially afforded California residents). The Barnharts have not shown this Court that the Ninth Circuit will likely find Judge White abused his discretion by enforcing the forum selection clause in this case.

1     Finally, the public interest factor is not a relevant consideration in this case and does not

2 support a stay. The public interest inquiry primarily addresses the public impact on non-parties

3 rather than parties. See Sammartano v. First Judicial Dist. Ct., 303 F.3d 959, 974 (9th Cir. 2002).

4 This case is between two private parties and is unlikely to a have wide-reaching effect on non-

5 parties.

6     The Barnharts have failed to meet their burden of showing the balance of factors warrants

7 a stay in this case. Neither the balance of hardships nor the Barnharts' likelihood of success

8 support a stay in this case and consideration of the public interest is similarly unavailing. The

9 Barnharts' motion for stay is DENIED.

## Conclusion

11     The Court GRANTS Plaintiff's motion to remand this case because Defendants Patula

12 and Squire Sanders' petition for removal is procedurally defective and DENIES the Barnharts'

13 motion for stay because the balance of factors does not warrant a stay in this case.

14     The clerk is ordered to provide copies of this order to all counsel.

15     Dated this 4th day of September, 2013.

*[signature]*

Marsha J. Pechman
Chief United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR
REMAND AND DENYING DEFENDANTS'
MOTION TO STAY- 10